# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Guardianship of:<br><br>A.B.,<br><br>               a minor child. | No. 60612-7-II<br><br>UNPUBLISHED OPINION |

CRUSER, J.—MD appeals the trial court's order appointing a guardian for her son, AB. At the time of the order, AB was 16 years old. He has since turned 18 years old. MD asks this court to reverse the order appointing minor guardianship because (1) the trial court erred by relying on hearsay to support its finding that the requirements for minor guardianship had been established, and (2) the trial court violated MD's fundamental right to parent by limiting the scope of her testimony at the guardianship hearing. In a supplemental brief, MD acknowledges that this appeal is moot in light of the fact that AB is now over 18 years old and no exceptions apply.

We dismiss this appeal as moot because the guardianship at issue has already been terminated.

## FACTS

In July 2024, then 16-year-old AB filed an emergency minor guardianship petition. The petition alleged that AB's mother, MD, did not allow him to prepare meals for himself or wash his clothes and that he relied on friends for basic hygiene products. The petition further alleged that MD did not provide transportation from school activities for AB, punished him by waking him in

the middle of the night and yelling at him, and had kicked him out of the house before. The trial court granted AB's emergency petition and appointed AB's requested guardians.

AB then filed a minor guardianship petition, alleging that "No parent is willing or able to provide for [his] support, care, education, health, safety and welfare." 1 Clerk's Papers at 72. In February 2025, after a hearing on the matter, the trial court entered an order appointing AB's requested guardians. The trial court found that AB's father consented to the guardianship and that MD was "not willing or able to provide for the support, care, education, health, safety and welfare" of AB. *Id.* at 191-92. The order expired on September 23, 2025, the date AB turned 18 years old. MD appeals the order appointing minor guardianship.

DISCUSSION

MOOTNESS

When we can no longer provide effective relief, an appeal is moot. *In re Marriage of Horner*, 151 Wn.2d 884, 891, 93 P.3d 124 (2004). "As a general rule, this court will not review a moot case." *Id.* However, if an issue presented is of continuing and substantial public importance, we may review an otherwise moot case. *Id.* To determine whether the contested issue is of substantial and continuing public importance, we consider " '(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.' " *Id.* at 892 (quoting *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994)). We may also consider the likelihood that the issue will continue to evade review due to the short-lived nature of the facts in controversy. *Id*.

The guardianship at issue here was terminated when AB turned 18 years old. Therefore, as the appellant concedes, we can no longer provide effective relief and this case is moot. And the

No. 60612-7-II

issues raised in this appeal are rooted in the unique facts of this case and are not of substantial and continuing public importance. The appeal is dismissed as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

LEE, J.